IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| **TAMMY PRITCHARD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) No. 1:20-cv-2356-STA-jay |
| | ) |
| **LOANCARE, LLC, and** | ) |
| **AMERICAN FINANCIAL** | ) |
| **RESOURCES, INC.,** | ) |
| | ) |
| **Defendants.** | |

**ORDER REQUIRING BRIEFING ON JURISDICTIONAL QUESTION**

Plaintiff Tammy Pritchard filed this purported class action against American Financial Resources, Inc., the holder of her mortgage, and Loancare, LLC, the subservicer of the mortgage. In her amended complaint (ECF No. 12), she asserts state law claims of breach of contract, breach of the implied duty of good faith and fair dealing, unjust enrichment, conspiracy, negligence, and negligent misrepresentation. Jurisdiction is predicated on 28 U.S.C. § 1332(d), the Class Action Fairness Act ("CAFA"). Plaintiff alleges that complete diversity exists between Defendants and at least one member of the proposed class and the matter in controversy exceeds $5,000,000, as required by § 1332(d).[1] Both Defendants have filed motions to dismiss the amended complaint. (ECF Nos. 46, 47.)

---

[1] CAFA establishes federal subject matter jurisdiction for the majority of nationwide and multi-state product liability class actions. Subject to limited exceptions, CAFA's jurisdictional requirements are: (1) minimal diversity; (2) 100 or more putative class members; and (3) more than $5,000,000 in controversy.

The facts as alleged in the amended complaint are as follows. Plaintiff, a resident of Tennessee, purchased a home and entered into a mortgage contract with AFR. (Amd. Cmplt. ¶¶ 16, 33, ECF No. 12.) Plaintiff's mortgage is an FHA loan which is a government-backed home loan insured by the Federal Housing Administration ("FHA"). (*Id.* ¶¶ 5, 69). A month after entering into the mortgage with AFR, LoanCare began servicing the loan as a subservicer. (*Id.* ¶¶ 1, 2, 16, 33, 35), and Plaintiff began making monthly mortgage payments through LoanCare. (*Id.* ¶ 16.)

On approximately five instances, instead of mailing her mortgage payment to the agreed upon address, for which she would incur no fee, Plaintiff asked that LoanCare process her mortgage payment through a pay-by-phone processing service or online processing service offered by LoanCare, in order to credit the payment on that same day, in exchange for payment of LoanCare's $10 fee. (*Id.* ¶¶ 39, 77; Exhs. A-E.) Plaintiff chose those services to insure timely payment. (*Id.* ¶¶ 76, 77.)

The scheduling order in this matter set March 29, 2021, as the deadline for filing a motion for class certification. (ECF No. 43.) On that date, Plaintiff filed a notice that she did not intend to move for class certification and, instead, would pursue only her individual claims. (ECF No. 66.) Accordingly, the deadline for class certification has now passed.

While Defendants have not raised the issue of this Court's jurisdiction in light of Plaintiff's notice not to seek class certification, federal courts have a duty to consider their subject matter jurisdiction in every case and may raise the issue *sua sponte*. *See Answers in Genesis of Kentucky, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) (citing *Thornton v. Southwest Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir.1990)).

Although in a removed case the Sixth Circuit held that "a district court may retain jurisdiction following the denial of class certification," *Metz v. Unizan Bank*, 649 F.3d 492, 500 (6th Cir. 2011),[2] when CAFA is the only source of federal jurisdiction in a case that originated in federal court and the plaintiff subsequently withdraws the class allegations, there is authority allowing the Court to dismiss the action for lack of subject matter jurisdiction. *See, e.g.*, *Gale v. Chicago Title Ins. Co.*, 929 F.3d 74, 78 (2d Cir. 2019).

Because of the importance of the issue of subject matter jurisdiction, Defendants are hereby **ORDERED** to file a brief on the issue of whether this Court retains subject matter jurisdiction despite Plaintiff's decision not to file for class certification within fourteen (14) days of the entry of this order.[3]  Plaintiff will then have fourteen (14) days in which to file a response to Defendants' brief(s).

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: April 7, 2021

---

[2]  The *Metz* Court explained that "a contrary reading of CAFA would mean that a district court would be unable to revisit an order denying class certification because it would no longer have subject matter jurisdiction. Such an interpretation would nullify Federal Rule of Civil Procedure 23(c)(1)(C), which provides that '[a]n order that grants or denies class certification may be altered or amended before final judgment.'"  649 F.3d at 501.  This concern does not arise when a plaintiff voluntarily chooses not to move for class certification.

[3]  Defendants may file a joint brief if they so choose.