IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| TAMMY PRITCHARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-2356-STA-jay |
| | ) |
| LOANCARE, LLC, and | ) |
| AMERICAN FINANCIAL | ) |
| RESOURCES, INC., | ) |
| | ) |
| Defendants. | |

**ORDER OF DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION**
**AND**
**ORDER DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT**

Plaintiff Tammy Pritchard filed this purported class action against American Financial Resources, Inc., the holder of her mortgage, and Loancare, LLC, the subservicer of the mortgage. She has asserted state law claims of breach of contract, breach of the implied duty of good faith and fair dealing, unjust enrichment, conspiracy, negligence, and negligent misrepresentation with jurisdiction predicated solely on 28 U.S.C. § 1332(d), the Class Action Fairness Act ("CAFA"). (Amd. Cmplt., ECF No. 12.) Plaintiff alleges that, as required by CAFA, complete diversity exists between Defendants and at least one member of the proposed class and that the matter in controversy exceeds $5,000,000.[1]

---

[1] CAFA establishes federal subject matter jurisdiction for the majority of nationwide and multi-state product liability class actions. Subject to limited exceptions, CAFA's jurisdictional requirements are: (1) minimal diversity; (2) 100 or more putative class members; and (3) more than $5,000,000 in controversy.

Defendants have filed motions to dismiss the amended complaint (ECF Nos. 46, 47), and these motions have been fully briefed. Because of concerns that the Court had about subject matter jurisdiction, the Court required the parties to brief the jurisdictional question. (ECF No. 68.) The parties have submitted their briefs (ECF Nos. 69, 70.) Although both parties argue that the Court has retained subject matter jurisdiction despite Plaintiff's decision not to seek class certification, they have not convinced the Court. Accordingly, for the reasons set forth below, the Court *sua sponte* **DISMISSES** this action for lack of subject matter jurisdiction[2] and **DENIES** Defendants' motions to dismiss as moot.

The amended complaint alleges as follows.[3] Plaintiff, a resident of Tennessee, purchased a home and entered into a mortgage contract with AFR. (Amd. Cmplt. ¶¶ 16, 33, ECF No. 12.) Plaintiff's mortgage is an FHA loan which is a government-backed home loan insured by the Federal Housing Administration ("FHA"). (*Id.* ¶¶ 5, 69). A month after entering into the mortgage with AFR, LoanCare began servicing the loan as a subservicer. (*Id.* ¶¶ 1, 2, 16, 33, 35), and Plaintiff began making monthly mortgage payments through LoanCare. (*Id.* ¶ 16.)

On approximately five instances, instead of mailing her mortgage payment to the agreed upon address, for which she would incur no fee, Plaintiff asked that LoanCare process her mortgage payment through a pay-by-phone processing service or online processing service offered by LoanCare, in order to credit the payment on that same day, in exchange for payment of LoanCare's $10 fee. (*Id.* ¶¶ 39, 77; Exhs. A-E.) Plaintiff chose those services to insure timely

---

[2] Federal courts have a duty to consider their subject matter jurisdiction in every case and may raise the issue *sua sponte*. *See Answers in Genesis of Kentucky, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) (citing *Thornton v. Southwest Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir.1990)).

[3] It does not appear that Defendants dispute the factual allegations in the amended complaint at this juncture.

payment. (*Id.* ¶¶ 76, 77.)[4] Plaintiff contends that these fees were unlawful because they were not authorized under the Housing and Urban Development ("HUD") Model Mortgage Form ("Uniform Mortgage"), HUD Guidelines, and the FHA Servicing Handbook.[5]

The scheduling order in this matter set March 29, 2021, as the deadline for filing a motion for class certification. (ECF No. 43.) On that date, Plaintiff filed a notice that she did not intend to move for class certification and, instead, would pursue only her individual claims. (ECF No. 66.) The notice states that "Plaintiff expressly reserves all rights she may have to file a motion for class certification at a later date, either in this action or in a subsequently filed action." (*Id.*)

The Court will first look at the issue of whether Plaintiff could "reserve" a right to file a motion for class certification beyond the deadline set forth in the scheduling order. The scheduling order expressly states that "[a]bsent good cause shown, the deadlines set by this order will not be modified or extended." (Sch. Ord. p. 3, ECF No. 43.) Other courts that have considered whether a party may "reserve" a right to extend a deadline have looked on a purported reservation with disfavor. In *Douglas Dynamics, LLC v. Meyer Prod. LLC*, 2017 WL 2116714, at *2 (W.D. Wis. May 15, 2017), the Court issued a strongly worded admonition that

> a party cannot "reserve the right" to amend its contentions in response to actions by the other side, or to court rulings, or to anything else. Any attempt to reserve the right to amend a disclosure or filing required by the scheduling order is a nullity. A party can amend a disclosure or filing only as allowed by the scheduling order, by the rules of civil procedure, or as otherwise allowed by the court, period.

---

[4] According to Defendants, Plaintiff's fees have been reimbursed, and they no longer charge fees to any borrowers such as plaintiff as of October 1, 2020. (Defs' Br. on Jur. p. 8, ECF No. 69.)

[5] Loan servicers, like Defendants, are required to follow the FHA's rules regarding loans servicing as implemented by HUD. (*Id.* at ¶ 6.)

3

The Court in *Kemper v. Sacramento Radiology Med. Grp.*, 2007 WL 9807529, at *2 n.3 (E.D. Cal. May 31, 2007), described the plaintiff's attempt to reserve the right to amend the complaint as "an open-ended request that is wholly inconsistent with the rationale underlying the issuance of scheduling orders; this request does not further a goal of the scheduling order concerning 'expediting the disposition of the action.'"  *C.f., C. G. v. Methodist Healthcare Memphis Hosps.*, 2018 WL 6515351, at *3 (W.D. Tenn. Oct. 2, 2018) (finding that, although the parties expressly reserved the right to amend in the Scheduling Order, leave to amend must be denied because the plaintiff "gave no reason for the substantial delay" in seeking the amendment).

In *Scott v. Eastman Chem. Co.*, 275 F. App'x 466, 483 (6th Cir. 2008), the Magistrate Judge denied the plaintiff's motion to amend her complaint to add a class action allegation even though, in the original complaint, the plaintiff had purported to "reserve the right to seek class certification." The Magistrate Judge commented on the plaintiff's delay in seeking the amendment and noted that "there were no compelling circumstances justifying an amendment of the Complaint after the deadline."[6] *Id.*

This Court likewise finds that Plaintiff's attempt to reserve a right to seek class certification at a later date in no way supersedes the requirement in the Scheduling Order that a party seeking to amend the dates in the Scheduling Order must show good cause for the extension. Given that Plaintiff has made the conscious decision not to seek class certification, it is difficult for the Court to imagine under what circumstances Plaintiff would change her mind, seek an extension of time in which to do so, and be able to show good cause for her delay.

---

[6] The plaintiff did not object to the Magistrate Judge's order, and the Court of Appeals denied her appeal of this portion of the lower court's order on that ground. *Scott*, 275 F. App'x at 483.

Turning now to whether the Court retains subject matter jurisdiction under CAFA, the Court notes that it appears to be well-established that, if a plaintiff amends her complaint to delete a class allegation, the Court loses jurisdiction over the matter, *see, e.g., Gale v. Chicago Title Ins. Co.*, 929 F.3d 74, 78 (2d Cir. 2019), whereas, if the Court denies a motion for class certification, the Court retains jurisdiction. *Metz v. Unizan Bank*, 649 F.3d 492, 500 (6th Cir. 2011).[7] "[A] contrary reading of CAFA would mean that a district court would be unable to revisit an order denying class certification because it would no longer have subject matter jurisdiction. Such an interpretation would nullify Federal Rule of Civil Procedure 23(c)(1)(C), which provides that '[a]n order that grants or denies class certification may be altered or amended before final judgment.'" *Id.* Neither of those circumstances exist in the present case – Plaintiff has not amended her complaint, and the Court has not denied class certification.

Although the parties have cited the general rule that "if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events," *FreeportMcMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991), neither party has pointed to any law on point with the facts of this particular case.  Plaintiff agrees with Defendants that "a voluntary act by Plaintiff eliminating allegations would destroy jurisdiction, but involuntary acts, denial of class certification or the Court striking allegations does not deprive the Court of

---

[7] Defendants have misread the Court's discussion of *Metz* as saying that *Metz* was a removed case. (Defs' Br. on Jur. P. 3 n.1, ECF No. 69.) The Court understands that *Metz* was not removed. This Court cited *Metz* for the proposition that, in a removed case and following the denial of class certification, a district court may retain jurisdiction. *See Metz*, 649 F.3d at 500 ("We agree with the other circuits that have addressed this issue and hold that 'denial of class certification does not divest federal courts of jurisdiction.'" (citing *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Intl Union v. Shell Oil Co.*, 602 F.3d 1087, 1091 (9th Cir. 2010); *Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805, 806 (7th Cir. 2010); *Vega v. T–Mobile USA, Inc.*, 564 F.3d 1256, 1268 n. 12 (11th Cir. 2009), all of which are removed cases)).

jurisdiction," (Pl's Br. on Jur. p. 4, ECF No. 70 (citing Defs' Br. on Jur. pp. 2-3, ECF No. 69 ("Unlike voluntary pleading amendments, involuntary elimination of class claims is treated differently.")), but neither party acknowledges that, in this case, Plaintiff has taken a "voluntary act" to eliminate allegations that "would destroy jurisdiction." By voluntarily choosing to decline to move for class certification, in effect, Plaintiff has amended her complaint to remove those allegations. *See generally Bristol v. Comm'r of Soc. Sec.*, 408 F. App'x 956, 957 (6th Cir. 2011) (recognizing that, under certain circumstances, a complaint may be "constructively amended").

Additionally, this case presents a unique situation in which there is no longer a case or controversy and yet the parties wish to proceed. Plaintiff's fees have been refunded with interest, she would not be entitled to attorney's fees even if she prevailed, and injunctive relief is not available because the fees objected to in this case are no longer being charged to anyone. The Court is being asked to adjudicate a class action that has no class and a lawsuit with no possible recovery for Plaintiff even if she prevails. The Court does not believe that was the intent of Congress in passing CAFA. *See generally TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021) ("If the plaintiff does not claim to have suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve." (citation omitted)); *California v. Texas*, 141 S. Ct. 2104, 2113 (2021) ("The Constitution gives federal courts the power to adjudicate only genuine 'Cases' and 'Controversies.' Art. III, § 2."); *Carney v. Adams*, 141 S. Ct. 493, 498 (2020) ("The Constitution grants Article III courts the power to decide 'Cases' or 'Controversies.' Art. III, § 2. We have long understood that constitutional phrase to require that a case embody a genuine, live dispute between adverse parties, thereby preventing the federal courts from issuing advisory opinions.") In the present case, there is no longer a "live dispute" between the parties and, thus, there is nothing left for this Court to decide.

Moreover, even if Defendants had not refunded Plaintiff's fees, she would have, at most, been entitled to an award of approximately $100. Asking a court to adjudicate a $100 diversity case cannot have been in the contemplation of Congress in passing CAFA, which has an aggregate $5,000,000 threshold. 28 U.S.C. § 1332(d). [8]

The Court finds that, based on the particular and unique facts of this case, it does not have subject matter jurisdiction over Plaintiff's claims, and, accordingly, the matter is **DISMISSED** without prejudice. Defendants' motions to dismiss are **DENIED** as moot.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: August 19, 2021.

---

[8] Conceivably, Plaintiff could have used Defendants' phone payment service only one time and incurred a single $10 fee.